UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| MATTHEW MICHAELS, JR., et al., | : | Case No. 1:05cv2991 |
| | : | |
| Plaintiffs, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | |
| CITY OF VERMILION, et al., | : | <u>ORDER</u> |
| | : | |
| Defendants. | : | |

This Order addresses a pending motion by Defendants Richard Grassnig and Michael Reinheimer (collectively referred to as "Defendants" for purposes of this Order) either to strike certain filings by Plaintiffs or, alternatively, to be given leave to submit an amended reply brief in support of their motion for summary judgment. (*See* Docs. 26, 29). For the reasons articulated below, Defendants' motion to strike is **DENIED in part** and **GRANTED in part**. The Court will not strike the documents that the Defendants seek to strike, but Defendants are permitted to file an amended reply within ten days of the date of this Order.

The individual police officer defendants in the above-captioned matter, Grassnig and Reinheimer, have moved for summary judgment on Plaintiffs' claims under federal and state law for excessive force, assault and battery, and intentional/negligent infliction of emotional distress (Doc. 17). Their motion was supported by sworn affidavits. Instead of filing a brief in opposition,

Plaintiffs filed a notice of voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, which this Court inadvertently accepted and later vacated.  In doing so, the Court ordered Plaintiffs to file an opposition to Defendants' motion within ten days or face dismissal of their claims with prejudice.  Plaintiffs filed a brief in opposition on November 6, 2006 (Doc. 24), attaching as support a police incident report, a juvenile complaint form, and photographs of Plaintiff Matthew Michaels, Jr. purporting to show injuries inflicted by Defendants' alleged tazering of Michaels. Plaintiffs did not file affidavits to support the facts asserted in their brief or to authenticate these documents.

Defendants filed a reply brief in which they primarily argued that Plaintiffs' opposition was insufficient to defeat summary judgment because it was not supported by an affidavit or by any authenticated documents (Doc. 26).  Defendants also asked the Court to strike both Plaintiffs' entire opposition brief as being untimely and the documents attached to that brief as being inadmissible. Thereafter, Plaintiffs filed an opposition to the motion to strike (Doc. 27), in which counsel explained that he could not execute affidavits because Plaintiffs were unreachable due to travel, and they filed an "amended response" to the motion for summary judgment that contained affidavits from Plaintiffs Michaels and Sherrie Latessa (Doc. 28).  Defendants then moved to strike Plaintiffs' amended response or, alternatively, to be permitted leave to file a reply to the amended response (Doc. 29).  With this most recent filing, Defendants now have three pending requests for the Court to strike filings, the subjects of which are: Plaintiffs' original brief in opposition (Doc. 24) on the ground that it is untimely; Plaintiffs' supporting documents (Exhibits A, B and C) to that original opposition brief on the ground that they are inadmissible; and Plaintiffs amended response (Doc. 28) on the ground that it is untimely and improper.  Defendants argue that these filings should be stricken

pursuant to Rules 12(f) and 56(e) of the Federal Rules of Civil Procedure. This Order addresses those three requests but does not address the merits of Defendants' underlying motion for summary judgment.

As an initial matter, while some courts have employed Rule 12(f) to strike items such as an affidavit or a brief, or portions thereof, there is no basis in the Federal Rules for doing so. *McLaughlin v. Copeland,* 435 F. Supp. 513 (D.C. Md. 1977). In fact, a decision in this district, affirmed by the Sixth Circuit Court of Appeals, refused to employ Rule 12(f) to strike an affidavit because "the rule relates only to pleadings and is inapplicable to other filings." *Dawson v. City of Kent,* 682 F. Supp. 920 (N.D. Ohio 1988), *affirmed*, 865 F.2d 257 (6th Cir. 1988). In addition, Rule 56(e) does not authorize courts to strike matters from the record, it only requires that supporting or opposing affidavits "shall set forth such facts as would be admissible at trial." Fed. R. Civ. P. 56(e). As such, a motion to strike is not the proper vehicle for Defendants requests. For that reason alone, Defendants' requests must be denied.

The Court, moreover, finds that Plaintiffs' original opposition brief was not untimely under the Federal Rules. Plaintiffs were ordered on October 24, 2006 to file an opposition brief within ten days. Rule 6 of the Federal Rules of Civil Procedure directs that, in computing a period of time prescribed by court order, the date on which the time begins to run shall not be included, and, "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6. Accordingly, excluding the date of the order and intermediate weekends, Plaintiffs' opposition was due on or before November 7, 2006, putting their actual filing one day before the deadline and, therefore, timely.

In addition, the Court finds that counsel for Plaintiffs has presented a sufficient excuse for

3

his failure to attach affidavits to the original opposition brief. Whenever possible, the Court prefers to resolve disputes on their merits rather than on procedural technicalities and, therefore, will consider Plaintiffs' amended response and the affidavits attached to that response.[1] Consistent with that principle, the Court will also give Defendants an opportunity to file an amended reply addressing the merits of Plaintiffs' arguments.

Defendants' motions to strike contained in Docs. 26 and 29, therefore, are **DENIED**. Defendants may submit an amended reply within ten days of the date of this Order.

**IT IS SO ORDERED.**

> s/Kathleen M. O'Malley
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated: March 22, 2007**

---

[1] The substance of the amended response is identical to the original opposition brief; the only difference is that the amended response contains supporting affidavits.